**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NAEEM AHMAD, | No. 10-16497 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00520-GEB-KJM |
| v. | |
| WORLD SAVINGS BANK, FSB; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted January 17, 2012[**]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Naeem Ahmad appeals pro se from the district court's judgment dismissing

his action alleging federal and state claims arising out of foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

dismissal on the basis of the applicable statute of limitations, and for an abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion its decision whether to apply equitable tolling. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003 (9th Cir. 2006). We affirm.

The district court properly dismissed Ahmad's Truth in Lending Act ("TILA") claim as time-barred because Ahmad did not file his action within one year of the alleged violation. *See* 15 U.S.C. § 1640(e) (an action for damages must be brought within one year of the alleged violation); *King v. California*, 784 F.2d 910, 914-15 (9th Cir. 1986) (holding that "the limitations period in Section 1640(e) runs from the date of consummation of the transaction" and rejecting a "continuing violation" theory).

The district court did not abuse its discretion by declining to apply equitable tolling to Ahmad's TILA claim. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (noting that equitable tolling applies "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim" and rejecting equitable tolling for Spanish-speaking plaintiffs on their TILA claim because they had "not alleged circumstances beyond their control that prevented them from seeking a translation of the loan documents" written in English (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying leave to amend.

10-16497

*See id.* at 1041 (setting forth standard of review and noting that leave to amend may be denied if amendment would be futile).

Ahmad's remaining contentions are unpersuasive.

Defendants' request for judicial notice is granted.

**AFFIRMED.**